PROST, Circuit Judge,
dissenting.
Both parties, the trial court, and all three judges here agree that the Public Safety Officers’ Benefits Act (“PSOBA”), 42 U.S.C. § 3796, unambiguously requires that an individual must live beyond the time of the public safety officer’s death in order to be an eligible recipient of PSOBA death benefits. See Majority Op. at 1335. That, however, is not the question that must be resolved in order to decide this case. As this court has recently stated, “[¡Identifying ‘the precise question at issue’ is a necessary prerequisite to determining whether or not Congress has directly spoken on it.” GHS Health Maint. Org., Inc. v. United States, 536 F.3d 1293, 1297 (Fed. Cir.2008). The precise question here is whether the PSOBA unambiguously requires the Bureau of Justice Assistance (“Bureau” or “agency”) to pay PSOBA death benefits to the estate of a parent who lived beyond the death of the public safety officer but died before payment. In other words, the question is whether estates are eligible recipients of PSOBA death benefits.
Relying primarily on the statute’s requirement that an eligible spouse-, child-, or parent-claimant must be “surviving” at the time of the death of the public safety officer, the majority concludes that the “clear and unambiguous” language of the PSOBA requires the Bureau to pay PSO- *1340 BA death benefits to estates.[1] Majority Op. at 1339. The majority does not (and cannot) point to any language in the statute itself, however, addressing the precise question of whether an estate is an eligible recipient of PSOBA death benefits. It is noteworthy that the majority’s conclusion rests largely on a word that is not even used in the statute to modify parent-claimants, a change to which it is willing to defer to the agency. Thus, even though the majority primarily bases its conclusion on the “clear and unambiguous” language of the statute, id., it acknowledges (as it must) that the statute itself does not modify “parent or parents” with “surviving.” See id. at 1335 (“To the extent that the absence of the word ‘surviving’ in the statute creates any ambiguity or a gap with regard to whether the parent or parents must survive to be entitled to benefits pursuant to PSOBA, the agency’s decision to limit eligibility to surviving parents in the statute and regulation is a permissible construction.”).
At a minimum, the statute’s failure to discuss payment to estates demonstrates ambiguity as to the question of whether estates are eligible recipients of PSOBA death benefits.[2] Accordingly, I would defer to the agency’s permissible interpretation, as reflected in the promulgated regulations providing that payment shall only be made to (or on behalf of) a living payee. See 28 C.F.R. § 32.6(b)(1) (“No payment shall be made, save ... [t]o (or on behalf of) a living payee.... ”).[3] It is the Bureau’s choice between multiple permissible interpretations that controls, not ours, when the PSOBA is silent or ambiguous.
While the majority’s analysis appears to be based on its conclusion that the statutory language is unambiguous, it also points to the potential administrative delay in processing claims and states “[s]uch arbitrary factors for the eligibility for benefits would place a burden on recipients that Congress surely could not have intended.” Majority Op. at 1336. I disagree. The agency’s interpretation seems to me to be completely reasonable.
As the government notes, the Bureau’s “interpretation ensures that a claimant’s *1341 estate does not receive a death benefit to the detriment of surviving eligible claimants, such as another child, or parent.” The government submits that this interpretation is supported by the statutory purpose of providing an economic benefit to the survivors of a public safety officer. By contrast, under the majority’s interpretation a claimant’s estate could receive PSOBA death benefits even though other statutorily-defined beneficiaries are living at the time of payment. For example, if a public safety officer’s spouse and elderly parents are alive at the time of the death of the officer, and the spouse dies after the officer but before payment, then the living elderly parents (statutorily defined eligible beneficiaries) are not entitled to PSOBA death benefits under the majority’s interpretation because the entire benefit would go to deceased spouse’s estate. Under the agency’s interpretation, however, the living elderly parents would receive PSOBA death benefits rather than the estate. The same would be true if one of two surviving parents died before payment. Under the majority’s view, the benefit would be split between the living parent and the estate of the second parent. Under the agency’s view, the living parent would receive the full amount.
The narrowly crafted nature of the three classes of individuals expressly identified in the PSOBA as eligible recipients—surviving spouses, children, and parents—further supports the agency’s interpretation. For example, Congress expressly limited the class of eligible children to those who are: (1) eighteen years of age or younger; (2) between nineteen and twenty-two if engaged in full-time school or training; or (3) any age if incapable of self-support because of a physical or mental disability. See 42 U.S.C. § 3796b(3). Under the majority’s interpretation, however, Ms. Roberts’s estate could pass the PSOBA death benefits directly to Sheriff Presley’s three expressly ineligible adult children. Under the agency’s interpretation, only individuals expressly designated by Congress would be entitled to receive PSOBA death benefits.
Moreover, the statutory language supports the agency’s interpretation. The title of the PSOBA subsection at issue in this case is “Amount; recipients.” 42 U.S.C. § 3796(a) (emphasis added). This subsection provides that “the Bureau shall pay a benefit” to certain classes of beneficiaries in order of priority. Id. The agency could reasonably interpret Congress’s use of the terms “recipients” and “shall pay a benefit” to limit the payment of PSOBA death benefits to the narrow classes of individuals identified in the statute—spouses, children, and parents—who are alive to actually “receive” the benefits at the time of payment, and that estates (which are not statutorily defined eligible recipients) are not entitled to receive PSO-BA death benefits.
In sum, because the PSOBA is silent, or at least ambiguous, as to the question of whether estates are eligible recipients of PSOBA death benefits, I would defer to the Bureau’s permissible interpretation of the PSOBA and the implementing regulations. Accordingly, I would reverse the decision of the Court of Federal Claims.

. The majority describes the government’s theory as "a kind of temporary vesting; one which can be defeated or lost if the beneficiary dies prior to the agency processing and payment of the benefit.” Majority Op. at 1336. The government expressly argues, however, that no right has vested at the time of the officer’s death. Instead, the government’s theory is essentially that surviving the death of the officer is necessary but not sufficient for entitlement to receive PSOBA death benefits.

. The majority claims that "it cannot be suggested that the statute prohibits payment to non-individuals” because the statute permits payment to trusts for minor children. Majority Op. at 1336 n. 6. As the government notes, however, a trust for minor children is easily distinguished from an estate because the beneficiaries of such a trust (i.e., minor children) are statutorily defined eligible recipients—the trust is merely a vehicle by which payment is made to the intended recipient. By contrast, there are no living eligible recipients in the present case, so the estate cannot be seen as a vehicle by which payment is made to an eligible recipient.

. As the government notes, in Groff v. United States this court stated "that the Supreme Court has held that legal positions taken in properly promulgated regulations are entitled to Chevron deference even if the regulations are promulgated after the administrative decision in question, and indeed even if they are promulgated in response to the very litigation that is under review.” 493 F.3d 1343, 1350 n. 2 (Fed.Cir.2007) (citing Smiley v. Citibank (S.D.), N.A., 517 U.S. 735, 740-41, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996); United States v. Morton, 467 U.S. 822, 836 n. 21, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984)). Thus, the legal position taken by the agency in § 32.6(b)(1) is entitled to Chevron deference even though it was promulgated during the pendency of this litigation.